NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA CONTORELLI, ) | No. C 07-4522 JF (PR) |
| Petitioner, ) | ORDER OF DISMISSAL |
| vs. ) | |
| SHELIA A. CLARK, Warden, ) | |
| Respondents. ) | |

Petitioner, a federal prisoner incarcerated in Dublin, California, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging the execution of her federal sentence. She has paid the filing fee.

**BACKGROUND**

In 2004, petitioner was convicted of drug trafficking offenses in the United States District Court for the Southern District of California. On February 9, 2006, she was sentenced to 53 months in federal prison, and her projected release date is July 27, 2008. Pursuant to Bureau of Prisons ("BOP") regulations, codified at 28 C.F.R. §§ 570.20 and 570.21, allowing her transfer to a Community Corrections Center ("CCC") when ten percent of her sentence remains, BOP officials have designated her for placement at a CCC on March 10, 2008. Plaintiff claims she was entitled to placement in a CCC sooner,

on January 27, 2008.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Petitioner claims she is entitled to serve up to six months of her sentence at a CCC, beginning as early as January 27, 2008, instead of the four and one half months the BOP has allotted to her. The petition indicates that she was transferred to a CCC on March 10, 2008, where she is now serving the remainder of her sentence.[1] Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). Here, the relief petitioner seeks is an order to the BOP to "consider the appropriateness of transferring the petitioner to a community confinement center" earlier than March 10, 2008. However, now that March 10, 2008 has passed and Petitioner has commenced her stay at the CCC, no further relief can be provided to Petitioner by the BOP or by the Court based on the claims set forth in the petition. As a result, even if Petitioner could demonstrate that she suffered an injury, the petition is now moot because there is no relief that can be provided to Petitioner for such injury. Accordingly, the petition will be dismissed.

//

---

[1] As noted, her sentence expires on July 27, 2008.

Order of Dismissal
G:\PRO-SE\SJ.Jf\HC.07\Contorelli522dismoot.wpd

**CONCLUSION**

The petition for writ of habeas corpus is DISMISSED as moot.

The Clerk shall terminate any pending motions and close the file.

IT IS SO ORDERED.

DATED: 3/14/08

JEREMY FOGEL
United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.Jf\HC.07\Contorelli522dismoot.wpd

1  A copy of this ruling was mailed to the following:

2

3  Dianna Contorelli
   41218-179
   Federal Prison Camp
4  5675 8th Street-Camp Parks
   Dublin, CA 94568

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
G:\PRO-SE\SJ.Jf\HC.07\Contorelli522dismoot.wpd